UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Samuel Gates,

    Plaintiff,

v.                                               Civ. No. 07-4660 (JNE/JJG)
                                                    ORDER

UNUM Life Insurance Company,

    Defendant.

___

Mark M. Nolan, Esq., Nolan, MacGregor, Thompson & Leighton, appeared on behalf of Plaintiff Samuel Gates.

Terrance J. Wagener, Esq., Krass Monroe, P.A., appeared on behalf of Defendant UNUM Life Insurance Company.

___

Plaintiff Samuel Gates brings this action against Defendant UNUM Life Insurance Company seeking the production of documents and an award of statutory penalties and attorney fees pursuant to the Employee Retirement Income Security Act (ERISA). 29 U.S.C.A. § 1132(c), (g)(1) (2000 & West Supp. 2008). The case is before the Court on cross-motions for summary judgment. For the reasons set forth below, the Court grants Defendant's motion, denies Plaintiff's motion, and dismisses this action with prejudice.

## I.     BACKGROUND

During his employment as a manual laborer for Costco Warehouse Corporation (Costco), Plaintiff sought disability benefits pursuant to an employee benefits plan (Plan) maintained by Costco. Costco funded the Plan through an insurance policy (Policy) issued by Defendant. The Summary Plan Document identifies Costco as the "Plan Administrator." The Policy delegates discretionary authority to determine eligibility for claims under the Policy to Defendant. In 2001, Plaintiff sought and received short-term disability payments under the Plan. However,

1

Defendant denied Plaintiff's claim for long-term disability benefits on July 5, 2001. Plaintiff did not appeal the denial of benefits.

In 2005, Plaintiff agreed to have the denial of his claim for long-term disability reassessed by Defendant as part of a Regulatory Settlement Agreement (RSA) between Defendant, several state insurance regulators, and the United States Department of Labor.[1] The RSA was the product of a multi-state market conduct examination of Defendant by the insurance regulators. The RSA provided for enhancement of Defendant's claims handling procedures, a reassessment of certain previously denied or closed claims, additional corporate and board governance of Defendant, and a $15 million fine paid by Defendant. The reassessment of previous claims included reviews for failure to use appropriate in-house medical resources, for failure to fairly interpret or apply information from a claimant's attending physician, and for failure to conduct an appropriate occupational review. In a portion relevant to the pending motions, the RSA states:

> 13. Neither this Agreement nor any of the relief to be offered under this Agreement shall be interpreted to alter in any way the contractual terms of any policy, or constitute a novation of any policy. Neither this Agreement nor any relief to be offered under this Agreement shall be interpreted to reduce or increase any rights of participants in ERISA-covered plans, including, but not limited to rights to which they may be entitled pursuant to ERISA 29 U.S.C. [§] 1133, and 29 C.F.R. [§] 2560.503-1, including any appeal or review rights under the plan. Other than those rights afforded under this Agreement, no additional rights are provided to the extent that any Specified Claimants or Requesting Claimants have previously exercised their rights as mentioned in this paragraph 13 (or have failed to exercise their rights and therefore, as provided under ERISA, have permitted those rights to lapse).

In November 2005, Defendant informed Plaintiff that it had completed the reassessment of his claim. Upon reassessment, Defendant upheld the 2001 denial of long-term disability

---

[1] Plaintiff submitted portions of the RSA as exhibits to his memorandum. There is no dispute that the entire RSA is available at http://forms.unum.com/StreamPDF.aspx?strURL= /FMS_045874-1.pdf.

benefits. In 2006, Plaintiff requested copies of various plan documents and the entire reassessment claim file from Defendant. Defendant did not provide the documents requested by Plaintiff. After three written requests to Defendant for the documents failed, Plaintiff filed this lawsuit.[2]

## II.     DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**1.      Statutory penalties under section 1132(c)(1)**

Under ERISA, plan administrators are required to provide a copy of the plan and certain plan documents to a claimant upon written request. 29 U.S.C. § 1024(b) (2000). These documents include the latest updated summary plan description, the latest annual report, any

---

[2]    The parties do not dispute that Defendant produced the reassessment claim file on February 11, 2008, as part of discovery in this litigation. Having reviewed the information provided by Defendant, Plaintiff concedes in his reply memorandum that he does not have a viable claim for long-term disability benefits under the Plan.

3

terminal report, any bargaining agreement, any trust agreement, any contract, or other instruments under which the plan is established or operated. *See id.* § 1024(b)(4). Failure to provide a copy of these plan documents to the claimant within thirty days subjects the plan administrator to a penalty of up to $110 per day from the date of such failure. 29 U.S.C.A. § 1132(c).[3] Plaintiff argues that he is entitled to an award under this provision in the amount of $110 per day for each day beginning thirty days after the first request by Plaintiff, or July 16, 2006, through February 10, 2008, the day Defendant produced the documents. Defendant argues that it is not the plan administrator of the Plan and is not, therefore, subject to section 1132(c) penalties.

Under section 502(c) of ERISA, only a plan administrator can be liable for statutory penalties. *Id.* § 1132(c); 29 U.S.C. § 1024(b). ERISA defines the term "Plan Administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i) (2000). The employer is deemed to be the plan administrator in the event no one else is designated. *Id.* § 1002(16)(A)(ii), (B). Here, the Plan specifically identifies Costco as the plan administrator and the Policy indicates Defendant is the claims administrator. A designation as claims administrator does not make Defendant the plan administrator. *See Ross v. Rail Car Am. Group Disability Income Plan*, 285 F.3d 735, 743 (8th Cir. 2002) (indicating that where a plan unambiguously identifies the employer as the plan administrator, an insurer's control over the claims under the policy does not transform the insurer into the plan administrator responsible for providing plan documents requested by plaintiff). A plan insurer who is not the plan administrator cannot be liable for statutory penalties under

---

[3] Section 1132(c) provides for a penalty of up to $100 per day. The penalty limit increased to $110 per day for violations after July 29, 1997, pursuant to the Debt Collection Improvement Act of 1996. *See Christensen v. Qwest Pension Plan*, 462 F.3d 913, 919 n.3 (8th Cir. 2006).

4

ERISA. *Id.* at 743-44; *see also LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 810 n.2 (8th Cir. 2007) (stating that section 1024(b), by its terms, places obligations on the plan administrator, not the claims administrator).

Nonetheless, Plaintiff argues that Defendant is the de facto administrator of the Plan. Plaintiff asserts that the instant case is unique and distinguishable from *Ross* because Defendant, not Costco, administered the RSA reassessment process, and because Defendant, not Costco, had control and possession of the reassessment claim files. The Court disagrees. In *Ross*, the claimant unsuccessfully sought statutory penalties against an insurer under section 1132(c), arguing that the insurer was the "repository" of the plan documents and thus the "de facto" plan administrator. 285 F.3d at 743. The Eighth Circuit Court of Appeals affirmed the district court's grant of summary judgment to the insurer on the claimant's section 1132(c) claim. *Id.* at 744.

Moreover, the RSA, by its terms, is a contractual agreement between Defendant, insurance regulators, and the United States Department of Labor. The RSA expressly states that the RSA reassessment process applies to both ERISA and non-ERISA plans.[4] Plaintiff presents no evidence that the RSA itself is a plan governed by the provisions of ERISA. It is clear from *Ross* that a plan insurer cannot be considered a de facto plan administrator and be liable for ERISA statutory penalties. *Id*. at 743-44; *see also Kling v. ADC Group Long-Term Disability Plan*, Civ. No. 04-2626, 2005 WL 1140624, at *4 (D. Minn. May 10, 2005) (finding, based on *Ross,* that a plan insurer could not be considered a de facto plan administrator and be liable for

---

[4] According to section B.2.a of the RSA, the reassessment process set forth in the RSA applied to both ERISA and non-ERISA claims. *See also Jewel v. UnumProvident Corp.*, 352 F. Supp. 2d 122, 124-25 (D. Mass. 2005) (stating that the "RSA covers both policies that are subject to ERISA (essentially, those provided as an employment benefit) and policies that are not").

ERISA statutory penalties); *White v. Martin*, 286 F. Supp. 2d 1029, 1044-45 (D. Minn. 2003) (refusing to impose ERISA penalties against an entity not designated as the plan administrator).

The Court declines to expand the enforcement scheme of ERISA to encompass the RSA reassessment process and to declare Defendant the plan administrator subject to the requirements and obligations of ERISA. "Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) ("We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA.").

**2.     Attorney fees and costs**

ERISA permits the Court to award, in its discretion, attorney fees and costs to either party. *See* 29 U.S.C. § 1132(g)(1). Plaintiff seeks an award of attorney fees and costs associated with bringing this action pursuant to section 1132(g)(1). In determining whether an award of attorney fees is warranted, the Court considers five factors: (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1012 (8th Cir. 2004) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984)). Here, while Defendant admits the ability to pay fees in this case, the Court concludes that factors one, three, four, and five separately and collectively weigh against an award of attorney fees and costs to Plaintiff. Thus, any such award is unwarranted in this case.

## III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [Docket No. 4] is DENIED.

2. Defendant's Motion for Summary Judgment [Docket No. 11] is GRANTED.

3. The Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 21, 2008

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge